# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**RONALD J. JONES,**
**Claimant Below, Petitioner**

**FILED**
December 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 12-0558** (BOR Appeal No. 2046523)
(Claim No. 990028571)

**INCO ALLOYS INTERNATIONAL, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ronald J. Jones, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Inco Alloys International, Inc., by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 3, 2012, in which the Board affirmed a September 26, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 4, 2011, decision denying Mr. Jones's request for the following medications: Opana, Neurontin, Tramadol, and Lodine. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Jones worked for Inco Alloys International, Inc. as a metal tester/furnace operator. On August 25, 1998, he suffered an injury to his back while breaking up slag metal. The claim was held compensable for the diagnosis of lumbago. On January 19, 2009, Dr. Caraway stated that he was treating Mr. Jones with Opana, Neurontin, Tramadol, and Lodine, and that it seems to control his pain reasonably well. Dr. Guberman concluded on April 26, 2009, that Mr. Jones had reached maximum medical improvement. The claims administrator denied Mr. Jones's request for the following medications: Opana, Neurontin, Tramadol, and Lodine.

1

The Office of Judges affirmed the claims administrator's decision and held that there was no error in denying the medications Opana, Neurontin, Tramadol, and Lodine. Mr. Jones disagrees and asserts that he has shown by medical evidence that the medications were reasonably required to treat his compensable injury.

The Office of Judges determined that the medications Neurontin and Lodine were properly denied in the claims administrator's decisions dated April 15, 2005, and October 12, 2005. The April 15, 2005, decision was not appealed, but the October 12, 2005, decision was appealed and affirmed by the Office of Judges, the Board of Review, and this Court. The Office of Judges found that the medication Opana was also properly denied in a claims administrator's decision dated November 19, 2009, pursuant to West Virginia Code of State Rules § 85-20-53.14a that does not allow prescribing schedule II drugs on an outpatient basis for longer than two weeks after the initial injury or following a subsequent surgery.

The Office of Judges concluded that the medication Tramadol was properly denied by the claims administrator's decision dated February 4, 2011, but that the claims administrator incorrectly cited West Virginia Code of State Rules § 85-20-53.b (2006) instead of West Virginia Code of State Rules § 85-20-53.14b (2006). This section prohibits prescribing schedule III drugs on an outpatient basis for longer than six weeks after initial injury, or following a subsequent operative procedure. The Office of Judges found this injury was over thirteen years old. The Office of Judges held that Mr. Jones's request for the medications Opana, Neurontin, Tramadol, and Lodine were properly denied. The Board of Review reached the same reasoned conclusions in its decision of April 3, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  December 17, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum

2